J-A05030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY BOCZKOWSKI , | : | |
| | : | |
| Appellant | : | No. 1445 WDA 2018 |

Appeal from the PCRA Order Entered August 21, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015431-1994

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.*

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 11, 2020**

Timothy Boczkowski appeals *pro se* from the order that dismissed his petition for a writ of *habeas corpus*, which was treated as a petition for relief under the Post Conviction Relief Act ("PCRA"), as untimely. We affirm.

In 1994, Appellant murdered his second wife in Pennsylvania by strangulation and feigned it to be an accidental drowning. Discovery of the deception led to reexamination of the similar death of Appellant's first wife in North Carolina in 1990. Ultimately, Appellant was convicted of first-degree murder both here and in North Carolina. In Pennsylvania, Appellant originally was sentenced to death, but our Supreme Court determined that the aggravating circumstance supporting that sentence–namely, Appellant's North Carolina murder conviction–should have been quashed because it resulted from the Commonwealth's violation of a court order staying

* Retired Senior Judge assigned to the Superior Court.

Appellant's extradition. *See Commonwealth v. Boczkowski*, 846 A.2d 75, 102-03 (Pa. 2004). Therefore, the High Court vacated Appellant's death sentence and remanded for imposition of a life sentence. *See id*. at 103. The life sentence was imposed on September 16, 2004, and Appellant filed no new appeal. Accordingly, his judgment of sentence became final in October 2004.

In 2005, Appellant filed a timely PCRA petition which was denied after a hearing. On appeal to this Court, Appellant raised ten issues which all "hinge[d] on the fact that he was extradited to North Carolina despite the fact that a court order had been entered staying such extradition 'pending disposition of local charges.'" *Commonwealth v. Boczkowski*, 981 A.2d 912 (Pa.Super. 2009) (unpublished memorandum at 5). This Court agreed with the PCRA court that relief for the improper extradition had been litigated and awarded by our Supreme Court, and thus affirmed the order denying Appellant's PCRA petition. *See id*. at 8 (affirming on the basis of the PCRA court opinion). Our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Boczkowski*, 985 A.2d 970 (Pa. 2009).

On March 27, 2018, Appellant filed a *pro se* application for writ of *habeas corpus* in which he alleged that the trial court lacked jurisdiction to resentence him pursuant to our Supreme Court's directive. The court informed Appellant of its intention to treat the petition as a PCRA petition, and granted him leave to file an amended petition. Instead, Appellant insisted that he was seeking *habeas corpus* relief. The PCRA court issued notice pursuant to Pa.R.Crim.P.

of its intent to dismiss Appellant's petition without a hearing based upon, *inter alia*, its untimeliness and lack of an allegation of a timeliness exception. Appellant responded with petitions to amend his pending filing, both as a *habeas* petition and a PCRA petition. Therein, he resurrected complaints about his extradition and other previously-litigated issues, but did not seek to invoke an exception to the PCRA's one-year time bar.

The PCRA court dismissed Appellant's petition by order of August 21, 2018. Appellant filed a timely notice of appeal and, after various procedural irregularities, a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Therein, Appellant stated three claims of error:

(a). Whether Appellant's *habeas* petition was properly treated as a PCRA?

(b). Whether Appellant's PCRA/*habeas* petition meets any exception to the PCRA time limitation or miscarriage of justice standard?

(c). Whether the trial court had jurisdiction to try him in violation of the automatic stay by Judge Durkin?

Concise Statement, 5/15/19, at 1 (unnecessary capitalization omitted). The PCRA court thereafter authored an opinion addressing these three issues.

On appeal, Appellant addresses **none** of the questions included in his Rule 1925(b) statement. Instead, he lists numerous allegations of error ranging from his extradition, to his speedy trial rights, to the trial court's jury instructions, to claims of ineffective assistance of counsel. ***See*** Appellant's brief at 8-9.

Before we consider Appellant's claims, we must determine the proper framework for our review. We first note that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013). The issues raised in Appellant's petition and proposed amendments–the trial court's jurisdiction to resentence him and the issues he litigated in his prior PCRA petition–are cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543 (a)(2)(viii) (including among claims that a sentence resulted from "[a] proceeding in a tribunal without jurisdiction" among errors cognizable under the PCRA); ***Commonwealth v. Boczkowski***, 981 A.2d 912 (Pa.Super. 2009) (unpublished memorandum) (addressing in his first PCRA proceeding many of the complaints the amended petitions at issue in this appeal).

Having determined that the PCRA court properly considered Appellant's post-conviction filing under the rubric of the PCRA, we note our standard of review: "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa.Super. 2017). Further, we are mindful that, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa.Super. 2012).

The timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa.Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

Appellant's judgment of sentence became final in 2004, and he filed the instant petition in 2018. Hence, it is facially untimely. The PCRA court held that Appellant "did not plead or otherwise establish" that any timeliness exception applied. PCRA Court Opinion, 8/8/19, at unnumbered 5. Our review of the record confirms the PCRA court's determination that no timeliness exception was pled or raised in the PCRA court. As such, we have no reason to disturb the PCRA court's holding.[1] *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) (holding lower court was without

---

[1] Although not raised by any of his questions presented, Appellant contends in the argument portion of his brief that he discovered new evidence "[i]n 2017." Appellant's brief at 18. Appellant had numerous opportunities to raise this issue in the PCRA court, but failed to do so. Therefore, even if it appeared that he were able to assert a viable timeliness exception, which it does not, we would be unable to consider it now. *See*, *e.g.*, *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super. 2007) ("[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal.").

jurisdiction to reach the merits of a untimely PCRA petition, styled as a petition for writ of *habeas corpus*, because no PCRA timeliness exception was alleged).

Further, we may not consider any of the questions Appellant presents in his brief to this Court because they were not included in his Pa.R.A.P. 1925(b) statement. **See**, **e.g.**, **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) ("[A]ny issues not raised in a Rule 1925(b) statement will be deemed waived[.]").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2020